UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAFAEL A. CONTRERAS,

    Petitioner,

-vs-                                                  Case No. 6:09-cv-1686-Orl-28GJK

SECRETARY, DEPARTMENT OF
  CORRECTION,

    Respondent.

_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 5) to the petition for writ of habeas corpus. Petitioner filed a reply to the response (Doc. No. 10).

### I. *Procedural History*

Petitioner was charged by amended information with two counts of sexual battery (counts one and two), kidnapping with intent to inflict bodily harm or terrorize (count three), aggravated assault with a firearm (count four), and battery (count five). A jury trial was held, and Petitioner was found guilty as to counts one, two, four and five and guilty as to the lesser included offense of false imprisonment in count three. The trial court

subsequently dismissed count five.

On August 29, 2003, the trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of fifteen years as to each of counts one, two, and three and for a term of five years as to count four. The sentences in counts one and two were to run concurrently, as were the sentences in counts three and four. Moreover, the sentences in counts three and four were to run consecutive to count one.

Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam* on June 15, 2004. Mandate was issued on July 2, 2004.

On June 28, 2006, Petitioner filed motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court,[1] and he later filed an amended Rule 3.850 motion. Petitioner raised eight claims, and, on December 4, 2007, the state trial court entered an order denying claims one through seven and granting claim eight in that the 10-year minimum mandatory term imposed as to count three was stricken. The state appellate court affirmed the denial *per curiam* on June 17, 2008. Petitioner's motion for a rehearing was denied on September 11, 2008, and mandate was issued on September 29, 2008.

---

[1] Although the motion was actually filed with the state trial court on July 5, 2006, under the "mailbox rule," the motion would be deemed filed on June 28, 2006, the date when the motion was submitted to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule.

## II. *Petitioner's Habeas Petition is Untimely*

### A. *Legal Standard*

Pursuant to 28 U.S.C. § 2244,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### B. *Discussion of Petitioner's Case*

In the present case, Petitioner's conviction became final under Florida law on July 2, 2004, when the state appellate court issued mandate with regard to his direct appeal. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("Under Florida law, a judgment against a criminal defendant becomes final upon issuance of the mandate on direct appeal.").

However, under section 2244(d)(1)(A), the Court must include the time that Petitioner could have sought review with the United States Supreme Court. *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Thus, Petitioner's conviction, for purposes of § 2244(d)(1)(A), became final, at the latest, on September 13, 2004, which was ninety days after entry of the appellate court's order affirming *per curiam*. *See* Sup. Ct. R. 13(3).[2] Petitioner then had until September 13, 2005, absent any tolling, to file a federal habeas petition regarding such conviction. Petitioner's federal habeas petition was filed on September 28, 2009.

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. However, when Petitioner filed his Rule 3.850 motion on June 28, 2006, the one-year period had already expired and, therefore, it did not toll the one-year period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, the instant petition is untimely and must be denied.

Petitioner contends that, because the trial court struck the ten-year minimum

---

[2]United States Supreme Court Rule 13(3) provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

mandatory term with regard to count three, the one-year period began on September 29, 2008, which was when the state appellate court issued mandate as to the appeal in the Rule 3.850 appellate proceedings.

In *Walker v. Crosby*, 341 F.3d 1240 (11th Cir. 2003), the Eleventh Circuit Court of Appeals held that the statute of limitations for a habeas application that contains claims challenging the resentencing judgment as well as claims challenging the original judgment of conviction begins to run on the date the resentencing judgment became final and not on the date the original judgment became final. *Id.* at 1246. However, in the instant case, the trial court did not enter a new judgment and sentence; it merely struck the ten-year minimum mandatory provision imposed as to count three.

Further, Petitioner's habeas petition contains claims challenging *only* the original judgment of conviction.[3] Therefore, *Walker* is inapplicable. *See Villaneda v. Tilton*, 2008 WL 4790732, at *3 (C.D. Cal. October 28, 2008) (the *Walker* decision involves a situation in which the petition "raised claims directed at the petitioner's re-sentencing judgment. Here, Petitioner's Petition is solely and unequivocally directed at challenging his original judgment of conviction.").

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed

---

[3]Petitioner has raised eight claims. Claims one through seven involve trial counsel's alleged ineffectiveness at trial. In claim eight, Petitioner argues that the trial court erred in imposing a ten-year minimum mandatory sentence as to count three. Claim eight is moot since the trial court granted this claim in the Rule 3.850 proceedings.

herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Rafael A. Contreras is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

2. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[4] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 16 day of February, 2011.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
sa 2/15
Counsel of Record
Rafael A. Contreras

---

[4]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts,*

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.